IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Shawn Northrup,

                                                    Case No.  3:12cv1544

                    Plaintiff,

                                                            NOTICE
        -vs-                                    CASE MANAGEMENT CONFERENCE


City of Toledo Police Division,                   Judge Jeffrey J. Helmick

                    Defendant.


        This case is subject to the provisions of Local Civil Rule 16.1 of the Northern District of Ohio

entitled "Differentiated Case Management" (DCM).  Counsel are expected to familiarize themselves with all

applicable Local Civil Rules and the Federal Rules of Civil Procedure.

        On evaluation of the case, it shall be assigned in accordance with LCivR 16.1 to one of the case

management tracks defined in LCivR 16.2(a).  Each track (expedited, standard, complex, mass tort and

administrative) has its own guidelines and timelines governing discovery, motion practice, and trial.

        Unless otherwise ordered, discovery shall be guided by LCivR 26.1 *et seq.* and motion practice shall be

guided by LCivR 7.1 *et seq.*

        More detail on Judge Helmick's case management practices and trial procedures can be found at the

Court's website: www.ohnd.uscourts.gov.


**SCHEDULING OF CASE MANAGEMENT CONFERENCE**


        The Case Management Conference (CMC) shall be held on  **August 13, 2012 at 3:00 p.m.**  before

Judge Jeffrey J. Helmick , in Room 210, Ashley Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio.

        If prior to the CMC, the parties have engaged in settlement discussions, or anticipate or desire doing

so at the CMC, counsel should notify Chambers at (419) 213-5690, so that either sufficient time will be

available on the date for the CMC, as set herein, or another date and time for the CMC can be set.

Parties need not attend the conference.  Out of town counsel may participate by telephone by contacting chambers at 419-213-5690 by not later than three business days before said conference.

If the case is resolved prior to the CMC, counsel shall timely notify the Judge's Chambers.

**TRACK RECOMMENDATION**

Pursuant to LCivR 16.2(a), and subject to further discussion at the CMC, the Court recommends the following track:: complex**.**

**APPLICATION OF FEDERAL CIVIL RULE 26(a)**

Rule 26(a) mandates required disclosures in lieu of discovery requests unless otherwise stipulated or directed by order of the court or by local rule.  In this case, all disclosures mandated by Rule 26(a) shall apply, including Initial Disclosures,  Expert Testimony,  and Pre-Trial Disclosures. If not exchanged not later than ten days before the CMC, the disclosure shall occur on or before a date agreed to by all counsel. Failing agreement, the date for disclosures will be set at the CMC.

Prior to the CMC, parties may undertake such informal or formal discovery as mutually agreed. Absent such agreement, no preliminary formal discovery may be conducted prior to the CMC except as necessary and appropriate to support or defend against any challenges to jurisdiction or claim for emergency, temporary, or preliminary relief, or as may otherwise be ordered on motion.

Local Civil Rule 30.1 governs the conduct of depositions.  Counsel shall comply with this Rule.

**PREPARATION FOR CMC BY COUNSEL**

The general agenda for the CMC is set by LCivR 16.3(b).

Counsel for plaintiff shall arrange with opposing counsel to hold the meeting required by Fed. R. Civ. P. 26(f) and LCivR 16.3(b).  A Report, in substantially the form of Attachment 1, shall be filed electronically at least **ONE WEEK** before to the CMC.

2

**FILING OF DISCOVERY MATERIALS**

Unless otherwise ordered, initial disclosures, and discovery materials shall not be filed with the Clerk,

except where submitted as evidence in support of a motion or for use at trial.

GERI M. SMITH,
Clerk of Court

   /s/ Amy L. Schroeder
Courtroom Deputy for
Judge Jeffrey J. Helmick

**ATTACHMENT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

,                                                        Case No.

                               Plaintiff,          REPORT OF PARTIES'
                                                   PLANNING MEETING
               -vs-                                JUDGE

,

                               Defendant.

      1.      Pursuant to Fed. R. Civ. P. 26(f) and L.R. 16.3(b), a meeting was held on

, and was attended by:

_____ Counsel for Plaintiff(s)

_____ Counsel for Defendant(s)

      2.      The parties:

_____ Have exchanged the pre-discovery disclosures required by Rule 26(a)(l) and the Court's prior

order; or

_____ Will exchange such disclosures by

      3.      The parties recommend the following track:

_____ Expedited     _____ Standard     _____ Complex

_____ Administrative     _____ Mass Tort

      4.      This case _____ is / _____ is not suitable for one or more of the following Alternative

Dispute Resolution ("ADR") mechanisms:

_____ Early Neutral Evaluation     _____ Mediation     _____ Arbitration

_____ Summary Jury Trial          _____ Summary Bench Trial

      5.      The parties _____ do/_____ do not consent to the jurisdiction of the United States

Magistrate Judge pursuant to 28 U.S.C. 636(c).

If you are consenting to the jurisdiction of the United States Magistrate Judge, please contact the

Judge's Chambers (419-213-5690) prior to the Case Management Conference.  A Consent to the Exercise of

Jurisdiction will then be issued for signature by all parties and the case will be sent to the Magistrate Judge for

the Case Management Conference and all further proceedings.

      6.        The parties agree that this case \_\_\_\_\_ does / \_\_\_\_\_ does not involve electronic discovery.

      7.        Recommended Discovery Plan (Counsel are reminded to review the default standard for e-

discovery set forth in Appendix K to the Local Rules):

          (a)        Describe the subjects on which discovery is to be sought, the nature and extent of

discovery and any potential problems: _____

_____

_____

          (b)        Describe anticipated e-discovery issues (i.e., what ESI is available and where it

resides; ease/difficulty and cost of producing information; schedule and format of production; preservation

of information; agreements about privilege or work-production protection, etc.):

_____

_____

_____

          (c)        Describe handling of expert discovery (i.e., timetable for disclosure of names and

exchange of reports, depositions): _____

_____

_____

       (d)       Discovery Deadlines:

             (i)       Liability:        _____

             (ii)      Damages:       _____

      8.        Recommended dispositive motion date: _____

2

9.        Recommended cut-off for amending the pleadings and/or adding additional parties:

_____

10.      Recommended date for status hearing and/or final pretrial settlement conference:

_____

11.      Other matters for the attention of the Court:    _____

_____

_____

_____Attorney for Plaintiff(s):     s/_____

_____Attorney for Defendant(s):     s/_____