IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Shawn C. Northrup | ) | Case No. 3:12-cv-01544-JJH |
| | ) | |
| Plaintiff | ) | Judge Jeffrey J. Helmick |
| | ) | |
| vs. | ) | **REPLY MEMORANDUM** |
| | ) | |
| City of Toledo, et al. | ) | Adam Loukx, Director of Law |
| | ) | (0062158)) |
| Defendants. | ) | John T. Madigan, Senior Attorney |
| | ) | (0023614) |
| | ) | City of Toledo, Department of Law |
| | ) | One Government Center, Suite 2250 |
| | ) | Toledo, Ohio 43604-2293 |
| | ) | Telephone: (419) 245-1020 |
| | ) | Fax: (419) 245-1090 |
| | ) | |
| | ) | Counsel for Defendants |
| | ) | |

## MEMORANDUM

The Plaintiff has filed a memorandum in opposition to the Defendants' motion for leave to amend their answer. In his memorandum the Plaintiff argues that the Defendants have been guilty of delaying discovery in this case by challenging Plaintiff's request for copies of the police officers' personal telephone records. The Defendants have now complied with the Court's latest order of July 15, 2013 and provided the Plaintiff with a redacted copy of Sgt. Daniel Ray's cellular telephone calls made to the Toledo Police Department on June 16, 2010. The Plaintiff has, nevertheless, taken this opportunity to object to the Defendants' motion for leave to amend their answer by arguing that personal telephone records of police officers are discoverable by authority of the Toledo Police Department manual.

The Toledo Police Manual is an internal document containing operating procedures and disciplinary regulations governing employees of the police department. It is not a general law of the City of Toledo or the State of Ohio and it is certainly not a set of rules governing discovery in civil cases. The Toledo Police manual, like all police manuals cannot be used to define the limit of constitutionally protected rights. The United States Supreme Court has concluded that because police rules, practices and regulations vary from place to place and from time to time police manuals are an unreliable gauge by which to measure objectivity and/ or reasonableness of police conduct. *Whren v. United States*, 517 U.S. 806,815-16,116 S.Ct.1769, 135 L.Ed.2d 89 (1996). A violation of police regulations or even a state law is completely immaterial as to the question of whether a violation of the federal constitution has been established. *Thompson v. City of* Chicago, 472 F.3d 444 (7th Cir.2006). While these cases arose in a different context, the force of their reasoning can be applied here. Unless the issues involve departmental discipline, police officers constitutionally protected rights to privacy cannot be circumscribed by operation manuals. Whether or not Sgt. Ray used his personal cellular phone in violation of Toledo Police Department regulations is not an issue before this court and it should not form a basis to grant or deny the Defendants' motion for leave to file an amended answer.

The Plaintiff will not be prejudiced by the addition of state law immunity defenses since the defense of qualified immunity under federal law has already been raised in the Defendants' answer. Depositions of two of the Defendants' witnesses have been scheduled for August 21, 2013. The defense anticipates no further delays in the discovery process.

For these reasons the Defendants request that the court's scheduling order be revised to permit the filing of amended pleadings and grant Defendants leave to file an amended answer.

Respectfully submitted,

ADAM W. LOUKX, DIRECTOR OF LAW

/s/   John T. Madigan
John T. Madigan, Senior Attorney
Counsel for Defendant

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing motion for leave to file an amended answer was sent by regular U.S. mail and electronically to Daniel T. Ellis, Esq., attorney for Plaintiff at: LYDY & MOAN, LTD. 4930 N. Holland-Sylvania Rd, Sylvania, Ohio  4356  this 15th day of August, 2013.

/s/   John T. Madigan
John T. Madigan, Senior Attorney