IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SHAWN NORTHRUP, | ) | Case No.:  3:12-CV-01544-JHH |
| | ) | |
| Plaintiff, | ) | Judge:  Jeffrey J. Helmick |
| | ) | |
| v. | ) | **MOTION FOR LEAVE TO FILE** |
| | ) | **AN AMENDED COMPLAINT** |
| CITY OF TOLEDO, et al, | ) | |
| | ) | |
| | ) | LYDY & MOAN, LTD. |
| Defendants. | ) | |
| | ) | Daniel T. Ellis (0038555) |
| | ) | 4930 N. Holland-Sylvania Road |
| | ) | Sylvania, OH  43560-2149 |
| | ) | Telephone:  (419) 882-7100 |
| | ) | Facsimile:   (419) 882-7201 |
| | ) | E-mail: dellis@lydymoan.com |
| | ) | |
| | ) | |
| | ) | Counsel for Plaintiff |

Plaintiff, Shawn Northrup ("Northrup" or "Plaintiff"), moves the Court to grant this motion for leave to amend his complaint to include the specific Ohio statutory references to clarify the allegations of the Complaint and to clarify the cause of actions for sham legal process and vindictive enforcement.  Plaintiff makes this request in order to include the Ohio statutory references to provide the Defendants with a better understanding of the claims being asserted against them and in support, shows the Court that:

1. Plaintiff filed his original complaint on June 15, 2012.

2. On January 14, 2014, defendants moved for summary judgment.

3. On April 1, 2014, plaintiff replied to defendants' motion for summary judgment asserting that Officer Bright charged Mr. Northrup with a sham legal process and vindictive enforcement.

4. On April 14, 2014, defendants filed their response asserting that plaintiff could not assert a claim for sham legal process in reply to a motion for summary judgment because it was not asserted in the complaint.

5. The Court, on September 30, 2014 granted in part and denied in part defendants' motion for summary judgment.  In its opinion it specifically stated: "In his opposition brief, Northrup argues the Defendants violated Ohio Revised Code § 2921.52, which criminalizes a "sham legal process," and asserts a claim against Officer Bright for "vindictive enforcement." … Northrup did not include either of these claims in his complaint or file a motion to amend his complaint in the nearly two years between the initiation of this action and the Defendants' filing of their summary judgment motion. I will not consider these claims, as a plaintiff may not assert new legal claims for the time in opposition to a summary judgment motion. …"

6. On October 24, 2014, the defendants filed a notice of appeal challenging the Court's denial of statutory immunity in favor of Officers' Bright and Ray.

7. On May 15, 2014, the United District Court of Appeals for the Sixth Circuit issued its opinion that the judgment of the District Court is affirmed in part and reversed in part, and remanding to the district court for further proceedings consistent with the opinion of this court.

8. On June 25, 2015, plaintiff requested leave to amend the complaint to clarify its claims and include the claims of sham legal process and vindictive enforcement before mediation was to take place. The Court granted leave to file a motion to Amend the Complaint.

The standard for evaluating a motion for leave to amend is set forth in Fed.R.Civ.P. 15(a), which provides that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Accordingly, a Court should deny a motion for leave only when "the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile...." *See Crawford v. Roane,* 53 F.3d 750, 753 (6th Cir.1995). Presently, this matter is set for mediation and settlement conference before Magistrate Judge James R. Knepp to take place before September 30, 2015. No trial date is presently set.

The motion to amend the Complaint is not being brought in bad faith, for dilatory purposes, will not result in delay or prejudice to the defendants. The facts supporting the claims for "sham legal process" and "vindictive enforcement" are the identical facts supporting the other claims of the Complaint. They will not require any additional discovery, will not require defendants to expend significant additional resources or delay their preparation for trial. These claims articulate the statutory violations engaged in by Officer Bright and also support alternative recovery of attorney fees under Ohio statutes.

""In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction...." *Phelps v.*

3

*McClellan,* 30 F.3d 658, 662-63 (6th Cir.1994). A Court also may deny a motion for leave to amend where "the proposed amendment would be futile...." *Kottmyer v. Maas,* 436 F.3d 684, 692 (6th Cir.2006), *citing Yuhasz v. Brush Wellman, Inc.,* 341 F.3d 559, 569 (6th Cir.2003). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.* , 203 F.3d 417, 420 (6th Cir.2000)." (citation omitted). There is no prejudice to the defendants and the additional claims would survive a Rule 12(b)(6) motion to dismiss. Plaintiff should be permitted to file an amended complaint (the First Amended Complaint is attached).

**WHEREFORE**, Plaintiff respectfully requests that the Court issue an order granting him leave to amend is Complaint, and for all other proper relief.

Respectfully submitted,

/s/ Daniel T. Ellis_____
Daniel T. Ellis (0038555)

Lydy & Moan, Ltd.
The Pacesetter Building
4930 Holland-Sylvania Road
Sylvania, OH 43560-2149
Telephone: (419) 882-7100
E-mail: dellis@lydymoan.com

Attorney for Plaintiff
Shawn Northrup

**Certificate of Service**

The undersigned hereby certifies that a copy of the foregoing MOTION FOR LEAVE TO AMEND COMPLAINT was served by the Court sent by regular United States mail and electronically, this 1st day of July, 2015.

/s/ Daniel T. Ellis_____
Daniel T. Ellis (0038555)

4