IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Shawn C. Northrup | ) | Case No.:  3:12-CV-01544 |
| 111 Dulton Drive | ) | |
| Toledo, OH 43615 | ) | Judge:  Jeffrey J. Helmick |
| | ) | |
|        Plaintiff, | ) | **FIRST AMENDED COMPLAINT,** |
| | ) | **WITH JURY DEMAND** |
|    v. | ) | **ENDORSED HEREON** |
| | ) | |
| City of Toledo | ) | [Daniel T. Ellis     (0038555)] |
| One Government Center | ) | |
| Suite 2200 | ) | LYDY & MOAN, LTD. |
| Toledo, Ohio 43604 | ) | 4930 N. Holland-Sylvania Road |
| | ) | Sylvania, OH 43560-2149 |
| and | ) | Direct Dial: 419-517-7741 |
| | ) | Telephone:    419-882-7100 |
| City of Toledo | ) | Facsimile:    419-882-7201 |
| Police Division | ) | |
| 525 N. Erie Street | ) | |
| Toledo, OH 43624 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Officer D. Bright (Badge 2346) | ) | |
| City of Toledo | ) | |
| Police Division | ) | |
| 525 N. Erie Street | ) | |
| Toledo, OH 43624 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Officer Donald Comes (Badge 2360) | ) | |
| City of Toledo | ) | |
| Police Division | ) | |
| 525 N. Erie Street | ) | |
| Toledo, OH 43624 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Sergeant Daniel Ray (Badge 1814) | ) | |
| City of Toledo | ) | |

Police Division                              )
525 N. Erie Street                           )
Toledo, OH 43624                             )
                                             )
                        Defendants.          )


Plaintiff, Shawn Northrup ("Northrup" or "Plaintiff"), for his Complaint against Defendants, City of Toledo, City of Toledo, Police Division, Officer D. Bright, Officer Donald Comes, Sergeant Daniel Ray, (hereinafter collectively referred to as "Defendants"), avers and states as follows:


## THE PARTIES

1. Shawn Northrup is a natural person residing at 111 Dulton Drive, Toledo, Ohio 43615 and who is a citizen and resident of City of Toledo, County of Lucas, State of Ohio.

2. The City of Toledo is a chartered municipality having authority to exercise all powers of local self-government and to adopt and enforce within its limits such local regulations that are not in conflict with general laws and was established pursuant to the Ohio Constitution, laws and ordinances of the State of Ohio.

3. The City of Toledo Police Division is a Municipal Police Department ("Police Department") operating in the City of Toledo, County of Lucas, State of Ohio and established by the Constitution, laws and ordinances of the State of Ohio and City of Toledo.

4. Officer Bright is a natural person who, based on information and belief, is a citizen and resident of City of Toledo, County of Lucas, State of Ohio and at all relevant times was

2

employed by the City of Toledo as a police officer, agent and/or employee of the Police Department.

5.  Officer Comes is a natural person who, based on information and belief, is a citizen and resident of City of Toledo, County of Lucas, State of Ohio and at all relevant times was employed by the City of Toledo as a police officer, agent and/or employee of the Police Department.

6.  Sergeant Ray is a natural person who, based on information and belief, is a citizen and resident of City of Toledo, County of Lucas, State of Ohio and at all relevant times was employed by the City of Toledo as a police officer, agent and/or employee of the Police Department.

## JURISDICTION AND VENUE

7.  This action arises under the Constitution of the United States, the Constitution of the State of Ohio and Federal Civil Rights Law, *inter alia*, under 42 U.S.C. Sections 1983 and 1988 and Ohio Constitution Article 1, Sections 1, 4 and16 and the general statutes and laws of the State of Ohio.

8.  This Court has personal jurisdiction over the defendants.

9.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331, federal question jurisdiction, based on the claims raised by Plaintiff under 42 U.S.C. §§ 1983, 1985 and 1988 alleging that Plaintiff has been deprived of his civil rights by defendants as provided by the aforementioned laws of the United States.

10. This Court has supplemental and pendent jurisdiction over the state constitutional, statutory, and common law claims pursuant to 28 U.S.C. § 1367 because those claims are

so related to the federal law claims that it forms part of the same case or controversy as the federal law claims.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 as: (a) a substantial part of the events or omissions giving rise to this claim occurred in this judicial district and (b) this is a judicial district in which one or more of the defendants is subject to personal jurisdiction.

## BACKGROUND

12. Shawn Northrup was enjoying a leisurely walk with his wife, daughter, grandchild and dog on Hayes Street, a neighborhood street within the City of Toledo, near his home, on the evening of June 16, 2010.

13. Shawn Northrup is an advocate and proponent of the individual fundamental right to bear arms under the federal and state constitutions and exercises this right by openly carrying a firearm in a holster and secured on his person as an exercise of right of free speech in educating the general public of law abiding citizens right to bear arms openly in Ohio and for personal protection.

14. On June 16, 2010, Alan Rose, an individual male on a motorcycle began to harass Shawn Northrup and his family by yelling at Mr. Northrup that he was not allowed to openly carry his firearm.

15. Mr. Northrup and his wife attempted to inform Mr. Rose that open carry was a constitutionally recognized method of exercising one's right to bear arms in Ohio, but the man responded with a barrage of profanity toward Mr. Northrup and his family.  Mr. Northrup continued their walk and disengaged from any further discussions with the individual.

4

16. Alan Rose called 911 to report a man with a holstered and secured firearm walking down the street with his family openly carrying a firearm.

17. The recording and/or transcript of this 911 call are in the possession of the Police Department.

18. At approximately 5:10 p.m., Officer Bright arrived on Hayes Street in response to the alleged 911 call.

19. The City of Toledo and the Police Department have represented no dash cam video or audio was created by the police during the incident on June 16, 2010.

20. As Officer Bright approached Mr. Northrup, he asked him to identify himself.  Mr. Northrup orally communicated his name and address.

21. With his hand on his police issue firearm ready to draw, Officer Bright ordered Mr. Northrup to hand his dog's leash to his wife and to raise his hands above his head.  Mr. Northrup complied with this order.

22. The officer threatened to shoot Mr. Northrup if he reached for his firearm or made any sudden movements.

23. Mr. Northrup did not move and allowed the officer to disarm him by unsnapping his holster flap and removing his firearm from its holster.

24. The officer then asked Mr. Northrup for his driver's license, which Mr. Northrup provided after asking the officer for permission to reach into his back pocket.

25. After providing his State issued driver's license, Mr. Northrup asked the officer why he was being stopped, threatened with deadly force and disarmed.

26. Officer Bright informed Mr. Northrup that by openly carrying a holstered firearm he was inducing panic.

27. Officer Bright then asked Mr. Northrup if he had a concealed carry license.

28. Mr. Northrup informed the officer that he did not need a concealed carry license because he was openly carrying his firearm and a concealed carry license would not apply to a situation in which a law abiding citizen was carrying a holstered and secured firearm openly.

29. Mr. Northrup also asked Officer Bright if he was under arrest or if he was free to leave.

30. Officer Bright asked Mr. Northrup twice more if he had a concealed carry license, threatening and intimidating him by stating if he did not answer his questions he would place him under arrest for inducing panic and take him down to the police station to spend the night.  Mr. Northrup responded by inquiring if he was free to leave or was he under arrest.

31. Officer Bright continued to threaten Mr. Northrup with arrest for inducing panic if he did not answer whether he had a concealed carry license.

32. Mr. Northrup informed Officer Bright that he did not wish to answer any more questions and did not wish to engage in further discussions with him by exercising his right to remain silent.

33. After exercising his right to remain silent and ending his voluntary discussions, Officer Bright stated he was being placed under arrest under the pretext of inducing panic by openly carrying a holstered and secured firearm.

34. Officer Bright ordered Mr. Northrup to place his hands behind his back, which Mr. Northrup did without incident.

35. Officer Bright then placed Mr. Northrup in handcuffs.

36. Mr. Northrup then asked Officer Bright to call a superior officer to the scene.

37. Officer Bright informed Mr. Northrup that a superior officer was on the way.

38. The handcuffs which Officer Bright placed on Mr. Northrup were so tight that they caused ligature marks on Mr. Northrup's wrists.

39. Mr. Northrup asked the officer to loosen the restraints, which the officer allegedly did, but Mr. Northrup continued to complain of discomfort and pain.

40. Despite this alleged loosening, Mr. Northrup felt the handcuffs were still too tight and continued to complain the handcuffs were hurting him.  The investigating officers ignored his requests to loosen the handcuffs.

41. Photographs of the ligature marks are attached to this Complaint as Exhibit A.

42. Mr. Northrup's neighbors, daughter, grandson and wife watched this entire incident.

43. After placing Mr. Northrup in the patrol car, Officer Bright approached Mr. Northrup's wife.

44. Officer Bright informed Mrs. Northrup that her husband was being a jerk.

45. Officer Bright told Mrs. Northrup that if her husband had just shown his concealed carry license this whole situation could have been avoided.

46. Officer Bright asked Mrs. Northrup if her husband had a concealed carry license, but Mrs. Northrup informed the officer that he was in possession of Mr. Northrup's identification and could check himself.

47. Officer Bright told Mrs. Northrup she was being uncooperative.

48. Mrs. Northrup told the officer it wasn't her responsibility to tell the officer anything and that he had more than enough information with Mr. Northrup's Ohio driver's license to conduct an investigation.

49. Nearly an hour later, the police released Mr. Northrup from the back seat of the patrol car and finally removed the handcuffs.

50. By this time, Sgt. Daniel Ray had arrived on scene and Mr. Northrup again asked both officers if he was free to leave.

51. Sgt. Ray told Mr. Northrup that he was not free to leave because he was being cited for failure to disclose personal information for failing to disclose to the investigating officers whether he had a concealed carry license.

52. When the officers returned Mr. Northrup's driver's license and firearm, he noticed that his driver's license had been cracked in half and broken by the police officers.

53. When Mr. Northrup pointed this out to the officers, they both stated that the license was like that when Mr. Northrup provided it to them, which was false.

54. Sgt. Ray was not present when Mr. Northrup provided his driver's license.

55. Mr. Northrup was cited for failure to disclose personal information pursuant to Ohio Revised Code Section 2921.29 Failure to Disclose Personal Information.

56. Mr. Northrup hired counsel to represent him in the criminal matter and that matter was dismissed without legal basis but only after Mr. Northrup incurred attorney fees and costs to defend him.

57. During the course of discovery in the criminal matter, the City of Toledo provided defense counsel with a copy of the police report generated by Officer Bright as a result of this incident.

58. Nowhere in the Officer Bright's report does the he mention that he requested Mr. Northrup's concealed carry license or that he was being cited for his failure to provide it

to the investigating officers.  Officer Bright's report also fabricates facts that never happened in an effort to justify his unlawful conduct.

59. Officer Bright cited Mr. Northrup on the pretext of failing to provide his driver's license, when the true basis for the citation was Mr. Northrup's refusal to answer questions regarding his concealed carry license or provide his concealed carry license to Officer Bright.

### FIRST CLAIM FOR RELIEF
(Fourth Amendment Violation Pursuant to 42 U.S.C. § 1983 and §1985)
(Unconstitutional Search and Seizure, Use of Excessive Force and Civil Conspiracy)

60. Plaintiff incorporates by reference the averments contained in paragraphs one (1) through fifty-nine (59) above, as if fully rewritten herein.

61. Mr. Northrup has a right to be free of unreasonable searches and seizures of his person as secured by the Fourth and Fourteenth Amendments to the Constitution of the United States and Constitution of Ohio.

62. Mr. Northrup was seized when Officer Bright ordered him to place his hands above his head with threat of deadly force and Mr. Northrup lawfully complied.

63. At all times relevant, Mr. Northrup was obeying the laws of the United States and Ohio.

64. At the time of the stop, the facts and circumstances within Officer Bright's knowledge (at the time he arrested Mr. Northrup) were not sufficient to warrant a prudent person, or one of reasonable caution in believing, that Mr. Northrup had committed, is committing or about to commit a criminal offense when he searched and seized Mr. Northrup's person and the stop, questioning, and arrest were completely without any probable cause or

reasonable suspicion and in complete disregard for the requirements of *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968) and its progeny.

65. The stop and arrest of Mr. Northup was not constitutionally valid in the absence of probable cause or reasonable suspicion.

66. There was no basis to suspect that Mr. Northrup was involved in criminal activity and he had a constitutional and statutory right to decline identify himself and/or engage in a voluntary conversation with Officer Bright.

67. Officer Bright threatened deadly force and seized Mr. Northrup without probable cause or reasonable suspicion terminating Mr. Northup's right to leave.

68. As such, Officer Bright's seizure of Mr. Northrup violated his right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments to the Constitution of the United States.

69. Officer Bright exerted excessive force in handcuffing Mr. Northrup in such a manner as to cause ligature marks and by inflicting pain and suffering upon Mr. Northrup causing his fingers to be numb for days after his unlawful arrest.

70. As such, Officer Bright's use of excessive force in seizing Mr. Northrup violated his right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments to the Constitution of the United States and Ohio Constitution.

71. These constitutional violations continued throughout the time Mr. Northrup was stopped, threatened, frisked, handcuffed, arrested, placed and held in Officer Bright's patrol car.

72. Mr. Northrup suffered damages as a result of the physical injury, humiliation, emotional distress and unconstitutional conduct inflicted by Defendants for the purpose depriving him of his constitutional rights and privileges.

73. Officer Bright and the other officers present, engaged in a conspiracy to cover up and justify the unreasonable search and seizure of Mr. Northrup by falsely charging him with a failure to disclose personal information for the purpose depriving him of his constitutional rights and privileges.

74. Defendants together reached an understanding, engaged in a course of conduct, and otherwise jointly acted and/or conspired amongst and between themselves to falsely report and charge Mr. Northrup with failing to disclose personal information for the purpose depriving him of his constitutional rights and privileges.

75. In furtherance of the conspiracy, Defendants committed the overt acts including falsely charging and reporting that Mr. Northrup had failed to disclose personal information in violation of R.C. 2921.52, R.C. 2921.45, and R.C. 2921.44.

76. Defendants' overt acts, which were committed jointly and/or while conspiring together to falsely report or cover up unconstitutional actions perpetrated on Mr. Northrup, and intentionally causing him injury and emotional distress, constitute the tort of conspiracy as set forth above.

77. The charge filed against Mr. Northrup was untrue at the time it was made, the citation was not lawfully issued violating R.C. 2921.52, Using sham legal process, R.C. 2921.45, Interfering with civil rights, R.C. 2921.44, Dereliction of duty, and Defendants are liable in a civil action.

78. Mr. Northrup suffered further damages as a result of having to defend the frivolous and sham criminal proceeding by hiring an attorney at his own cost.

79. Mr. Northrup has suffered further damages as a result of having to pay for a new driver's license and retain an attorney to defend him from the false and sham charges.

80. As a direct and proximate result of the Defendant's conduct, Mr. Northrup sustained injuries, pain and suffering, had his constitutional rights violated and is entitled to compensatory and punitive damages.

81. As a direct and proximate result of the Defendant's conduct, Mr. Northrup is entitled to a finding and order that Defendant's violated his constitutional rights and the laws of the United States and Ohio.

## SECOND CLAIM FOR RELIEF
(Violation of the First Amendment Pursuant to 42 U.S.C. § 1983)

82. Plaintiff incorporates by reference the averments contained in paragraphs one (1) through eighty-one (81) above, as if fully rewritten herein.

83. Mr. Northrup has a right to symbolic speech as secured by the First Amendment to the Constitution of the United States.

84. At all times relevant, Mr. Northrup was engaged in symbolic speech by openly carrying a firearm in a holster and engaging interested individuals in discussions about their right to openly bear arms in Ohio.

85. His symbolic speech expressed his opinion that Ohioans should exercise their fundamental right to bear arms and educate the public that open carry is permissible in Ohio.

86. Mr. Northrup was deprived of his right to symbolic speech when Officer Bright threatened him with deadly force, and seized and harassed Mr. Northrup without probable cause and based solely upon his openly carrying a holstered and secured firearm.

87. Since the events of June 16, 2010, Mr. Northrup's exercise of his right to symbolic speech has been chilled because he is afraid of the continuing unconstitutional harassment by police and threats of being charged with inducing public panic.

88. Mr. Northrup has suffered damages as a result of the unconstitutional conduct, humiliation, emotional distress and embarrassment inflicted by Defendants, as well as having his free speech rights chilled.

89. Mr. Northrup has suffered further damages as a result of having to defend the frivolous criminal case by hiring an attorney at his own cost for exercising his rights to free speech. The charge filed against Mr. Northrup was untrue at the time it was made, the citation was not lawfully issued violating R.C. 2921.52, Using sham legal process, and R.C. 2921.45, Interfering with civil rights, and Defendants are liable in a civil action.

90. As a direct and proximate result of the Defendant's conduct, Mr. Northup sustained injuries, pain and suffering, had his constitutional rights violated and is entitled to compensatory and punitive damages.

91. As a direct and proximate result of the Defendant's conduct, Mr. Northrup is entitled to a finding and order that Defendant's violated his constitutional rights, and the laws of the United States and Ohio.

## THIRD CLAIM FOR RELIEF
(Violation of the Right to Bear Arms and Deprivation of Liberty without Due Process of Law under United States and Ohio Constitutions, pursuant to 42 U.S.C. §1983)

92. Plaintiff incorporates by reference the averments contained in paragraphs one (1) through ninety-one (91) above, as if fully rewritten herein.

93. Mr. Northrup has a right to bear arms as secured by the Second Amendment to the Constitution of the United States and Article 1, Sections 1 and 4 of the Constitution of Ohio.

94. Mr. Northrup has a right not to be deprived of liberty without due process of law as secured by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and guaranteed by the Ohio Constitution.

95. These rights are well established and are known or should be known by the City of Toledo, its law enforcement, the Toledo Police Department and their officers and agents.

96. Officer Bright violated Mr. Northrup's right to bear arms and deprived him of liberty without due process of law when he seized him for exercising that right absent any lawful justification, reasonable suspicion or probable cause.

97. As a result of Officer Bright's conduct, Mr. Northrup has been chilled in his exercise of his fundamental constitutional rights.

98. Mr. Northrup has suffered damages as a result of the unconstitutional conduct, humiliation, emotional distress and embarrassment inflicted by Defendants, in addition to the officers' conduct creating a chilling effect on Mr. Northrup's right to bear arms.

99. Mr. Northrup has suffered further damages as a result of having to defend the frivolous and sham criminal proceeding by hiring an attorney at his own cost. The charge filed against Mr. Northrup was untrue at the time it was made, the citation was not lawfully issued violating R.C. 2921.52, Using sham legal process, R.C. 2921.45, Interfering with civil rights, R.C. 2921.44, Dereliction of duty, and Defendants are liable in a civil action.

100.    As a direct and proximate result of the Defendant's conduct, Mr. Northup sustained injuries, pain and suffering, had his constitutional rights violated and is entitled to compensatory and punitive damages.

101.     As a direct and proximate result of the Defendant's conduct, Mr. Northrup is entitled to a finding and order that Defendant's violated his constitutional rights, and the laws of the United States and Ohio.

**FOURTH CLAIM FOR RELIEF**
(Violation of Article I, Sections 1 and 4 of the Ohio Constitution)

102.     Plaintiff incorporates by reference the averments contained in paragraphs one (1) through One Hundred-one (101) as if fully rewritten herein.

103.     Mr. Northrup has a right to openly carry his firearm as secured by the Ohio Constitution and laws of Ohio.

104.     This right is well established and is known or should be known to law enforcement.

105.     Officer Bright and Sgt. Ray violated this right when they acted to deprive him of his firearm without lawful justification, reasonable suspicion or probable cause.

106.     The officers further deprived him of his right by ensuring that Mr. Northrup was aware that if he chose to exercise his right to openly carry in the future, he would be subjected to similar harassment and detention, and threats of arrest for causing public panic.

107.     The officers' conduct has had the result of creating a chilling effect on Mr. Northrup's decision to openly carry; so much so that he no longer openly carries.

108.     Mr. Northrup has suffered damages as a result of the unconstitutional conduct, humiliation, emotional distress and embarrassment inflicted by Defendants, in addition to the officers' conduct creating a chilling effect on Mr. Northrup's right to bear arms.

109.     Mr. Northrup has suffered further damages as a result of having to defend the frivolous criminal case by hiring an attorney at his own cost.  The charge filed against Mr. Northrup was untrue at the time it was made, the citation was not lawfully issued violating R.C. 2921.52, Using sham legal process, and R.C. 2921.45, Interfering with civil rights, R.C. 2921.44 Dereliction of duty and Defendants are liable in a civil action.

110.     As a direct and proximate result of the Defendant's conduct, Mr. Northup sustained injuries, pain and suffering, had his constitutional rights violated and is entitled to compensatory and punitive damages.

111.     As a direct and proximate result of the Defendant's conduct, Mr. Northrup is entitled to a finding and order that Defendant's violated his constitutional rights, and the laws of the United States and Ohio.

## FIFTH CLAIM FOR RELIEF
### (Punitive Damages and Vindictive Enforcement)

112.     Plaintiff incorporates by reference the averments contained in paragraphs one (1) through One Hundred-eleven (111) as if fully rewritten herein.

113.     The charge filed against Mr. Northrup was untrue at the time it was made, the citation was not lawfully issued violating R.C. 2921.52, Using sham legal process, and R.C. 2921.45, Interfering with civil rights, R.C. 2921.44 Dereliction of duty and Defendants are liable in a civil action.  Defendants' conduct as noted herein and throughout the Complaint was intentional and deliberate causing Mr. Northrup to be humiliated and damaged as more fully set forth in this Complaint.

114.     Officer Bright vindictively enforced a sham legal proceeding against Mr. Northrup without legal justification because he exercised his right not to answer

questions and remain silent. Specifically, Mr. Northrup was (1) Exercising a protected right to refuse to answer questions and remain silent; (2) Officer Bright had a stake in deterring Mr. Northrup from exercising this right by threatening him with criminal prosecution if he did not answer his questions; (3) Officer's Bright's conduct was unreasonable; and (4) Officer Bright's sham legal proceeding was intended to punish Mr. Norhtrup for the exercise of his right to refuse to answer questions and remain silent. *Shevlin v. Cheatham*, 211 F.Supp2d 963, 971 (2002).

115.    In the alternative, Defendants' conduct was wanton, reckless, malicious, and oppressive causing Mr. Northrup to be humiliated and damaged as more fully set forth in this Complaint.

116.    The charge filed against Mr. Northrup was untrue at the time it was made, the citation was not lawfully issued violating R.C. 2921.52, Using sham legal process, and R.C. 2921.45, Interfering with civil rights, and Officer Bright's Police report was false in violation of R.C. 2921.44 Dereliction of duty, and Defendants are liable in a civil action. By reason of Defendants' intentional and deliberate conduct, Shawn Northrup is entitled to punitive damages in an amount in excess of twenty five thousand dollars ($25,000.00).

117.    The charge filed against Mr. Northrup was untrue at the time it was made, the citation was not lawfully issued violating R.C. 2921.52, Using sham legal process, and R.C. 2921.45, Interfering with civil rights, and Officer Bright's Police report was false in violation of R.C. 2921.44 Dereliction of duty and Defendants are liable in a civil action. By reason of Defendants' wanton, reckless, malicious, and oppressive conduct, Shawn Northrup is entitled to punitive damages in an amount in excess of twenty five thousand dollars ($25,000.00).

## SIXTH CLAIM FOR RELIEF
### (42 U.S.C. § 1983 Policy Claim against City of Toledo Police Department)

118.     Plaintiff incorporates by reference the averments contained in paragraphs one (1) through One Hundred-seventeen (117) as if fully rewritten herein.

119.     The actions of Defendants as alleged above were carried out pursuant to one or more interrelated *de facto* policies, procedures, practices and/or customs known to and tacitly or otherwise condoned by City of Toledo, City of Toledo, Police Division and/or the other police officers and/or their commanding officers.

120.     At all times material, the City of Toledo, Police Division and/or the police officers, and/or their commanding officers had interrelated *de facto* policies, procedures, practices and/or customs which included, *inter alia*:

   A. The filing of false and sham charges, reports and giving false testimony relative to acts of misconduct by fellow enforcement officers;

   B. The intentional and systematic filing of "sham" or "pretextual" criminal charges against law abiding citizens to cover up their unconstitutional stops and justify their unlawful harassment and intimidation of law abiding citizens who exercise their constitutional rights including their right to bear arms.

   C. The failure to properly train, supervise, discipline, monitor, counsel or otherwise control law enforcement officers regarding constitutional rights, probable cause, use of force, use of threats, and unlawful detentions of law abiding citizens who exercise their constitutional rights including their right to bear arms.

   D. The law enforcement "code of silence", specifically in cases where the police use threats of imprisonment, use of force on law abiding citizens, and other

18

unconstitutional acts whereby police officers refuse to report or otherwise assist each other to cover up instances of police misconduct which they are aware despite their obligation under the law and regulation to do so.

121. The policies, procedures, practices and/or customs, as set forth in the preceding paragraphs, were maintained and implemented with deliberate indifference and encouraged, *inter alia,* related abusive tactics and techniques, the suppression of evidence, the making of false statements, charges and reports, and the giving of false and perjured testimony, all of which were a direct and proximate cause of the unconstitutional acts committed by Defendants and their co-conspirators, and the injuries and damages suffered by Mr. Northrup.

122. The failure to properly train, discipline, monitor, control, assign, transfer, supervise, and counsel Defendants was also done with deliberate indifference, all of which were a direct and proximate cause of the unconstitutional acts committed by Defendants and their co-conspirators, and the injuries and damages suffered by Mr. Northrup.

123. The failure to property train, discipline, monitor, control assign, transfer, supervise, and counsel Defendants ultimately resulting in Officer Bright's stop and arrest of Mr. Northrup violated his right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments to the Constitution of the United States, violated his substantive due process rights secured to him under the Fifth and Fourteenth Amendments to the Constitution of the United States, the Constitution of Ohio and Laws of the United States and Ohio.

124.     As a direct and proximate result of the Defendant's conduct, Mr. Northup sustained injuries, pain and suffering, had his constitutional rights violated and is entitled to compensatory and punitive damages.

125.     As a direct and proximate result of the Defendant's conduct, Mr. Northrup is entitled to a finding and order that Defendant's violated his constitutional rights, and the laws of the United States and Ohio.

### SEVENTH CLAIM FOR RELIEF
State Law *Respondeat Superior* Claim against City of Toledo and City of Toledo, Police Division)

126.     Plaintiff incorporates by reference the averments contained in paragraphs one (1) through One Hundred Twenty-five (125) as if fully rewritten herein.

127.     Defendants were, at all times material to this complaint, employees of the City of Toledo and City of Toledo, Police Division, were acting within the scope of their employment, and the acts which violated state law, Mr. Northrup's constitutional rights and improper and inadequate training are directly chargeable to the City of Toledo and City of Toledo, Police Division pursuant to the legal and equitable doctrine of *Respondeat Superior*.

128.     As a direct and proximate result of the Defendant's conduct, Mr. Northup sustained injuries, pain and suffering, had his constitutional rights violated and is entitled to compensatory and punitive damages that are directly chargeable to the City of Toledo and City of Toledo, Police Division pursuant to the legal and equitable doctrine of *Respondeat Superior*..

### EIGHTH CLAIM FOR RELIEF
(Color of Law Claims against City of Toledo and City of Toledo, Police Division)

129.    Plaintiff incorporates by reference the averments contained in paragraphs one (1) through One Hundred Twenty-eight (128) as if fully rewritten herein.

130.    Defendants, City of Toledo and City of Toledo, Police Division, were the employer of individually named defendants.

131.    Defendants committed the acts alleged in this Complaint under color of law and in the scope of their employment as employees of the City of Toledo and City of Toledo, Police Division.

132.    As a direct and proximate cause of the acts committed under color of law and in the scope of their employment, Mr. Northup sustained injuries, pain and suffering, had his constitutional rights violated and is entitled to compensatory and punitive damages.

**NINETH CLAIM FOR RELIEF**
(State Law Assault and Battery Claim Against Officer Bright)

133.    Plaintiff incorporates by reference the averments contained in paragraphs one (1) through One Hundred Thirty-two (132) as if fully rewritten herein.

134.    Officer Bright did commit an Assault and Battery upon Mr. Northup by threatening to shoot him, threatening him with arrest and exerting excessive force in handcuffing him without legal justification or probable cause.

135.    As a direct and proximate cause of Officer Bright's actions, Mr. Northup sustained injuries, pain and suffering and is entitled to compensatory and punitive damages.

**TENTH CLAIM FOR RELIEF**
(State Law False Arrest and Malicious Prosecution)

136.    Plaintiff incorporates by reference the averments contained in paragraphs one (1) through One Hundred Thirty-five (135) as if fully rewritten herein.

137.    Officer Bright threatened Mr. Northrup with deadly force and arrested him without legal justification, reasonable suspicion or probable cause and falsely imprisoned him by handcuffing him and placing him in the back seat of his patrol car.

138.    Officer Bright initiated a malicious criminal action against Mr. Northrup without legal basis and was false when charged. The charge filed against Mr. Northrup was untrue at the time it was made, the citation was not lawfully issued violating R.C. 2921.52, Using sham legal process, and R.C. 2921.45, Interfering with civil rights, and Officer Bright's Police report was false in violation of R.C. 2921.44 Dereliction of duty and Defendants are liable in a civil action.

139.    Officer Bright acted maliciously in charging Mr. Northrup without probable cause and in an effort to cover up his unconstitutional conduct and unlawful false arrest.  The charge filed against Mr. Northrup was untrue at the time it was made, the citation was not lawfully issued violating R.C. 2921.52, Using sham legal process, and R.C. 2921.45, Interfering with civil rights, and preparing false Police Report in violation of R.C. 2921.44 Dereliction of duty and Defendants are liable in a civil action.

140.    Officer Bright by falsely arresting Mr. Northrup violated his right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments to the Constitution of the United States, violated his substantive due process rights secured to him under the Fifth and Fourteenth Amendments to the Constitution of the United States, the Constitution of Ohio and Laws of the United States and Ohio.

141.    As a direct and proximate cause of Officer Bright's actions, Mr. Northup sustained injuries, pain and suffering and is entitled to compensatory and punitive damages.

142.    As a direct and proximate result of the Defendant's conduct, Mr. Northrup is entitled to a finding and order that Defendant's violated his constitutional rights, and the laws of the United States and Ohio.


## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Shawn Northrup, requests the Court:

A.  Declare the defendants have unlawfully violated his constitutional rights as secured by the United States and Ohio Constitutions and the Federal and Ohio Statutes;

B.  Declare the defendants are not entitled to statutory immunity for their actions;

C.  Hold defendants liable for their unconstitutional conduct and unlawful actions against him;

D.  Order and award Shawn Northrup, as against the defendants, in excess of one hundred thousand dollars ($100,000.00) in actual and compensatory damages, plus interest, for the violation of his constitutional and statutory rights including false imprisonment, deprivation of liberty without due process, assault and battery, violating R.C. 2921.52, R.C. 2921.45 and R.C. 2921.44, and vindictive enforcement;

E.  Order and award Shawn Northrup as against the defendants, one hundred thousand dollars ($100,000.00) in punitive damages, plus interest, for the violation of his civil and constitutional rights, false imprisonment, deprivation of liberty without due

process, assault and battery, violating R.C. 2921.52, R.C. 2921.45 and R.C. 2921.44, and vindictive enforcement.

F.   Order the City of Toledo and the City of Toledo, Police Division, to immediately conduct remedial training to correct the unlawful detention and questioning of law abiding citizens exercising their constitutional rights to bear arms.

G.   Award plaintiff attorney fees pursuant to 42 U.S.C. 1988;

H.   Award plaintiff attorney fees pursuant to Ohio law.

I.   Award Plaintiff costs of pursuing this litigation;

J.   Award any other such relief as the Court may determine to be just and proper.

## **JURY DEMAND**

Plaintiff demands a jury trial on all issues triable by jury.

Respectfully submitted,


/s/ Daniel T. Ellis
Daniel T. Ellis (0038555)

Lydy & Moan, Ltd.
The Pacesetter Building
4930 Holland-Sylvania Road
Sylvania, OH 43560-2149
Telephone: (419) 882-7100
Facsimile: (419) 882-7201
E-mail: dellis@lydymoan.com

Attorneys for Plaintiff
Shawn Northrup

## VERIFICATION OF COMPLAINT

I, Shawn Northrup, state that I am familiar with the facts set forth in the foregoing Complaint, and hereby verify that the same are true based upon my own knowledge, information and belief, and so far as upon my information and belief I believe this information to be true.

_____

Shawn Northrup

STATE OF OHIO            )
                         ) SS:
COUNTY OF LUCAS          )

The foregoing Verification of Complaint was acknowledged before me on _June_ _30_, 2015 by Shawn Northrup who acknowledged his signature to be his free act and deed before me.

KELLY LYNN RUHLY
NOTARY PUBLIC - OHIO
MY COMMISSION EXPIRES 07-13-2018

_____

Notary Public




**Exhibit A to Verified Complaint, 000001**