## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **Shawn C. Northrup,** | ) | Case No. 3:12-cv-01544-JJH |
| | ) | |
| Plaintiff, | ) | Judge Jeffrey J. Helmick |
| | ) | |
| vs. | ) | **MEMORANDUM IN OPPOSITION TO** |
| | ) | **MOTION FOR LEAVE TO AMEND** |
| **City of Toledo, *et al.*,** | ) | **COMPLAINT** |
| | ) | |
| Defendants. | ) | Adam W. Loukx, Director of Law |
| | ) | (0062158)) |
| | ) | John T. Madigan, Senior Attorney |
| | ) | (0023614) |
| | ) | City of Toledo, Department of Law |
| | ) | One Government Center, Suite 2250 |
| | ) | Toledo, Ohio 43604-2293 |
| | ) | Telephone:  (419) 245-1020 |
| | ) | Fax:  (419) 245-1090 |
| | ) | |
| | ) | Counsel for Defendants |

One year and six months after the close of discovery and the filing of Defendants' motion for summary judgment, the Plaintiff seeks to file an amended complaint in order to allege a new claim for relief. In his motion Plaintiff asks for leave to amend his complaint to include a claim under R.C.§ 2921.52, "Using Sham Legal Process". This Ohio law is a criminal offense that carries with it a cause of action capable of being brought by any person harmed by the commission of this offense. R.C.§ 2921.52(E).

The Court should deny the Plaintiff's motion based upon the fact that it is not timely brought, will be prejudicial to the Defendant and the claim he seeks to allege has no likelihood of success.

Under Fed.R.Civ.P.15 leave of court to amend a pleading is required after the time for filing responsive pleadings has closed. This leave shall be "freely given when justice so requires". The Sixth Circuit has held that a trial court does not abuse its discretion by denying a motion for leave to amend a complaint after discovery had passed, dispositive motion deadline had passed and a motion for summary judgment had been filed. *Duggins v. Steak'N Shake,Inc.*195 F.3d 828,834 (6th Cir.1999). Citing its earlier decision in *Holland v. Metropolitan Life Ins. Co.* 869 F.2d 1490 (6th Cir.1989) the court found that an increased burden is on the movant at this late stage in the litigation to show justification for the failure to move earlier. Finally, the court in *Duggins* noted that allowing an amendment after the close of discovery creates significant prejudice.

In this case permitting the Plaintiff to amend his complaint will force the City to make additional trial preparation efforts and file further dispositive motions to refute the claim of Using Sham Legal Process. Additional witnesses, who, heretofore have not been involved in this case, will be needed to testify.  Now, five years after the events that gave rise to this lawsuit, they will be expected to recall, in detail, the events of June 16, 2010 and testify to them in court. The delay in bringing this claim, long after discovery has concluded, places the defense at a distinct disadvantage and is prejudicial to the City's case. Additionally, Sgt. Daniel Ray has now retired from the Toledo Police Department and will not be as readily available for court appearances and consultation.

While Fed.R.Civ.P. 15 states that leave to amend a complaint shall be freely given, when justice so requires, leave to amend may be denied where the amendment would be futile.*Foman v. Davis*,371 U.S.178, 83 S.Ct.227, 9 L.Ed.2d 222 (1962), *Yuhasz v. Brush Wellman,Inc.*341 F.3d 559, 569(6th Cir.2003). Here, the Plaintiff's attempt to amend his complaint to include a claim of

Using Sham Legal Process cannot succeed simply because no party in this case has been convicted of violating R.C.§ 2921.52.

The offense of a Sham Legal Process under R.C.§ 2921.52 was enacted together with a number of other statutes in 1996 to address attempts by individuals displeased with government to intimidate and retaliate against public officials through the use of bogus court filings. See *State v. Roten*, 149 Ohio App.3d 182,190,2002-Ohio-4488 (12th Dist.2002), Ohio Legislative Service Commission, Sub.H.B.644, Final Analysis (June 28, 1996)(attached). This law was not designed to punish police officers who file criminal charges but fail to obtain a conviction. The law was enacted to protect public officials from fallacious public documents filed strictly to harass them. To permit the use of this statute in cases where a criminal charge is *nolle prosequi* would result in a chilling effect on law enforcement officers not intended by the legislature.

As stated previously, R.C.§ 2921.52, Using Sham Legal Process is primarily a criminal statute that contains both criminal and civil penalties. That statute states:

**2921.52 Using sham legal process.**

(A) As used in this section:

(1) "Lawfully issued" means adopted, issued, or rendered in accordance with the United States constitution, the constitution of a state, and the applicable statutes, rules, regulations, and ordinances of the United States, a state, and the political subdivisions of a state.

(2) "State" means a state of the United States, including without limitation, the state legislature, the highest court of the state that has statewide jurisdiction, the offices of all elected state officers, and all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state. "State" does not include the political subdivisions of the state.

(3) "Political subdivisions" means municipal corporations, townships, counties, school districts, and all other bodies corporate and politic that are organized under state law and are responsible for governmental activities only in geographical areas smaller than that of a state.

(4) "Sham legal process" means an instrument that meets all of the following conditions:

(a) It is not lawfully issued.

(b) It purports to do any of the following:

(i) To be a summons, subpoena, judgment, or order of a court, a law enforcement officer, or a legislative, executive, or administrative body.

(ii) To assert jurisdiction over or determine the legal or equitable status, rights, duties, powers, or privileges of any person or property.

(iii) To require or authorize the search, seizure, indictment, arrest, trial, or sentencing of any person or property.

(c) It is designed to make another person believe that it is lawfully issued.

(B) No person shall, knowing the sham legal process to be sham legal process, do any of the following:

(1) Knowingly issue, display, deliver, distribute, or otherwise use sham legal process;

(2) Knowingly use sham legal process to arrest, detain, search, or seize any person or the property of another person;

(3) Knowingly commit or facilitate the commission of an offense, using sham legal process;

(4) Knowingly commit a felony by using sham legal process.

(C) It is an affirmative defense to a charge under division (B)(1) or (2) of this section that the use of sham legal process was for a lawful purpose.

(D) Whoever violates this section is guilty of using sham legal process. A violation of division (B)(1) of this section is a misdemeanor of the fourth degree. A violation of division (B)(2) or (3) of this section is a misdemeanor of the first degree, except that, if the purpose of a violation of division (B)(3) of this section is to commit or facilitate the commission of a felony, a violation of division (B)(3) of this section is a felony of the fourth degree. A violation of division (B)(4) of this section is a felony of the third degree.

*(E) A person who violates this section is liable in a civil action to any person harmed by the violation for injury, death, or loss to person or property incurred as a result of the commission of the offense and for reasonable attorney's fees, court costs, and other expenses incurred as a result of prosecuting the civil action commenced under this division. A civil action under this division is not the exclusive remedy of a person who incurs injury, death, or loss to person or property as a result of a violation of this section.* (emphasis added)

Effective Date: 11-06-1996

The misdemeanor, felony and civil liability penalties contained in paragraphs (D) and (E) are all

triggered by a violation of the statute. Unless a person is charged and convicted of violating

R.C.§ 2921.52 no criminal or civil penalty can be imposed. See attached Legislative Service

Commission analysis. By attempting to interject this claim for relief, the Plaintiff is asking the

Court to: 1) indict Officer Bright for the offense of Using Sham Legal Process, 2) hold a trial, 3) find him guilty, and 4) impose a civil penalty that includes an award of attorney fees. This relief is beyond the jurisdiction of this court. It is relief that only an Ohio court enforcing an Ohio criminal statute can grant. See *Younger v. Harris*, 401 U.S.37,91 S.Ct.746, 27 L.Ed.2d 669 (1971).

An even more fundamental reason for denying the Plaintiff's motion for leave to amend his complaint is the fact that there was never a judicial finding in the municipal court that the charge filed by Officer Bright was meritless. The premises upon which the Plaintiff's new legal claim is based is the dismissal in Municipal Court of the complaint filed by the officer of "Failure to Disclose Personal Information" R.C.§ 2921.29. This charge was dismissed at the request of a municipal prosecutor prior to a hearing before the court. Since there was no notation on the municipal court's journal entry that the charge was dismissed with or without prejudice, this case could have been refiled and brought to trial again. *State* v. Stephens, *52 Ohio App.2d 361, 368-372, 370 N.E.2d 759(8th Dist.1977)*. While that did not occur, the option to refile demonstrates that there was no final determination by the municipal court that the offense of Failure to Disclose Personal Information was improperly filed.

A necessary element of the offense of Using Sham Legal Process is the absence of a "lawfully issued" instrument. As stated in the definitions above, a lawfully issued instrument is one that is issued in accordance with the laws of the state. Just as no court has found Officer Bright guilty of Using Sham Legal Process, no court has ruled that the citation filed by Officer Bright for Failure to Disclose Personal Information was not lawfully issued. Such a finding would have required at least a ruling on a motion to dismiss filed by the Plaintiff.

**CONCLUSION**

The Plaintiff's request to amend his complaint at this late stage is merely an attempt to collect double the attorney fees for the same conduct alleged in his 42 U.S.C.§ 1983 claim. Allowing this amendment will prejudice the defense and cause further delays. Using Sham Legal Process is a criminal statute that contains penalties designed to punish the offender and make the victim whole. It is not a stand alone cause of action that can be brought in the absence of a criminal prosecution under R.C.§ 2921.52.

For these reasons, the Defendants ask that the Plaintiff's motion be denied.

<div style="margin-left:40%">

Respectfully submitted,

ADAM W. LOUKX, DIRECTOR OF LAW

/s/   John T. Madigan
John T. Madigan, Senior Attorney
Counsel for Defendants

</div>

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the Memorandum in Opposition to Motion for Leave to Amend Complaint was electronically filed this 17th day of July, 2015.  All parties may access this pleading via the Court's electronic docket system.

<div style="margin-left:40%">

/s/   John T. Madigan
John T. Madigan, Senior Attorney

</div>