| Legislative Service Commission | Final Analysis |
|---|---|

## Sub. H.B. 644
121st General Assembly
06-28-96

Reps. Schuck, Brading, Van Vyven, O'Brien, Reid, Amstutz, Corbin, Bender, Vesper, Garcia, Ogg, Opfer, Mason, Sines, Core, Krupinski, Boggs, Boyd, Campbell, Healy, Padgett, Brady, Johnson, Kasputis, Lewis, Carey, Lucas, Ford, Hagan, Mead, Taylor, Britton, Stapleton.

Sens. B. Johnson, Yarbrough, Carnes, Drake, Gaeth.

Expands the offense of intimidation to include a prohibition against filing, recording, or otherwise using a materially false or fraudulent writing with malicious purpose, in bad faith, or in a wanton or reckless manner; expands the offense of falsification to include knowingly making a false statement, or knowingly swearing or affirming the truth of a false statement previously made, in a document or instrument of writing that purports to be a judgment, lien, or claim of indebtedness and that is filed or recorded with the Secretary of State, a county recorder, or the clerk of a court of record; creates the offense of using sham legal process; makes a person who commits intimidation, falsification, or using sham legal process liable to the victim in a civil action for damages incurred as a result of the intimidation, falsification, or using sham legal process and for the reasonable attorney's fees, court costs, and other expenses incurred in prosecuting the civil action; permits a county recorder to refuse to record an instrument if the Revised Code does not require or authorize the recording of the instrument or the recorder has reasonable cause to believe the instrument is materially false or fraudulent; permits the clerk of a court of record to refuse to accept a document for filing or for docketing and indexing if the document is not required or authorized to be filed or to be docketed and indexed with the clerk or the clerk has reasonable cause to believe the document is materially false or fraudulent; permits the Secretary of State to refuse to accept a document for filing or recording if the document is not required or authorized to be filed or recorded or the Secretary of State has reasonable cause to believe the document is materially false or fraudulent; allows for judicial review of a county recorder's refusal to record an instrument, of the refusal of the clerk of a court of record to accept a document for filing or for docketing and indexing, and of the refusal of the Secretary of State to accept a document for filing or recording; provides qualified civil immunity for a county recorder and for a clerk of a court of record who acts pursuant to the act, does not act with malicious purpose, in bad faith, or in a wanton or reckless manner, and improperly refuses to record an instrument or to accept a document for filing or for docketing and indexing and for the Secretary of State when he or she acts pursuant to the act, does not act with malicious purpose, in bad faith, or in a wanton or reckless

Case: 3:12-cv-01544-JJH Doc #: 57-1 Filed: 07/17/15 2 of 7. PageID #: 663

-2-

manner, and improperly refuses to accept a document for filing or recording; authorizes a county recorder to keep a record of declarations (living wills) and durable powers of attorney for health care; and permits a county recorder to distribute free of charge copies of the printed forms for a living will and durable power of attorney for health care. (Effective:                    )

---

### *Intimidation*

Under continuing law, no person, knowingly and by force or unlawful threat of harm, may attempt to influence, intimidate, or hinder a public servant, party official, or witness in the discharge of that person's duty. To do so constitutes intimidation, a felony of the third degree. (Sec. 2921.03.)

The act expands the offense of intimidation by prohibiting a person from attempting to influence, intimidate, or hinder a public servant, party official, or witness in the discharge of that person's duty by filing, recording, or otherwise using a materially false or fraudulent writing with malicious purpose, in bad faith, or in a wanton or reckless manner. The act does not change the penalty for the offense of intimidation, and a person who violates the prohibition created by the act is guilty of a felony of the third degree. (Sec. 2921.03(A) and (B).)

The act imposes on a person who violates the intimidation statute liability in a civil action to any person harmed by the violation for injury, death, or loss to person or property incurred as a result of the violation and for reasonable attorney's fees, court costs, and other expenses incurred in prosecuting the civil action. The act specifies that a civil action pursuant to this provision is not the exclusive remedy of a person harmed by the violation, thereby preserving any other cause of action the person harmed by the violation may have against the person who commits the violation. (Sec. 2921.03(C).)

### *Falsification*

Continuing law prohibits any person from knowingly making a false statement, or knowingly swearing or affirming the truth of a false statement previously made, if the statement is one of several types of statements specified in continuing law. Whoever violates the prohibition is guilty of the offense of falsification, falsification in a theft offense, or falsification to purchase a firearm. The felony or misdemeanor classification for the three offenses depend upon the type of statement involved and the facts of the particular case. (Sec. 2921.13.)

The act expands the offense of falsification to include knowingly making a false statement, or knowingly swearing or affirming the truth of a false statement previously

made, if the statement is made in a document or instrument of writing that purports to be a judgment, lien, or claim of indebtedness and is filed or recorded with the Secretary of State, a county recorder, or the clerk of a court of record. A person who violates the prohibition is guilty of a misdemeanor of the first degree. (Sec. 2921.13(A)(20) and (E)(1).)

The act imposes on a person who violates the falsification statute liability in a civil action to any person harmed by the violation for injury, death, or loss to person or property incurred as a result of the violation and for reasonable attorney's fees, court costs, and other expenses incurred in prosecuting the civil action. The act specifies that a civil action pursuant to this provision is not the exclusive remedy of a person who incurs injury, death, or loss to person or property as a result of the violation, thereby preserving any other cause of action the person may have against the person who committed the violation. (Sec. 2921.13(F).)

### *Sham legal process*

The act creates the offense of "using sham legal process." "Sham legal process" is defined as an instrument that is not lawfully issued, is designed to make another person believe it is lawfully issued, and purports to do any of the following: to be a summons, subpoena, judgment, or order of a court, a law enforcement officer, or a legislative, executive, or administrative body; to assert jurisdiction over or determine the legal or equitable status, rights, duties, powers, or privileges of any person or property; or to require or authorize the search, seizure, indictment, arrest, trial, or sentencing of any person or property (sec. 2921.52(A)(4)).

A person commits the offense, if the person, knowing the sham legal process to be sham legal process, does any of the following (sec. 2921.52(B)):

(1) Knowingly issues, displays, delivers, distributes, or otherwise uses sham legal process;

(2) Knowingly uses sham legal process to arrest, detain, search, or seize any person or the property of another person;

(3) Knowingly commits or facilitates the commission of an offense using sham legal process;

(4) Knowingly commits a felony by using sham legal process.

A person who commits the offense of "using sham legal process" by committing an act described in (1), above, is guilty of a fourth degree misdemeanor. A person who commits that offense by committing an act described in (2) or (3), above, is guilty of a

first degree misdemeanor, except that, if the purpose of the act described in (3), above, is to commit or facilitate the commission of a felony, the violation is a fourth degree felony. A person who commits the offense by committing an act described in (4), above, is guilty of a third degree felony. (Sec. 2921.52(D).)

It is an affirmative defense to knowingly issuing, displaying, delivering, distributing, or otherwise using sham legal process or knowingly using sham legal process to arrest, detain, search, or seize any person or the property of another person if the use of the sham legal process was for a lawful purpose (sec. 2921.52(C)).

The act imposes on a person who commits using sham legal process liability in a civil action to any person harmed by the commission of the offense for injury, death, or loss to person or property incurred as a result of the offense and for reasonable attorney's fees, court costs, and other expenses incurred in prosecuting the civil action. The act specifies that a civil action pursuant to this provision is not the exclusive remedy of a person harmed by the commission of the offense, thereby preserving any other cause of action the person harmed may have against the person who commits the offense. (Sec. 2921.52(E).)

The act defines the following terms for use in the statute that prohibits knowingly using sham legal process (sec. 2921.52(A)(1), (2), and (3)):

(1) "Lawfully issued" means adopted, issued, or rendered in accordance with the United States Constitution, a state constitution, and the applicable statutes, rules, regulations, and ordinances of the United States, a state, and the political subdivisions of a state.

(2) "State" means a state of the United States, including without limitation, the state legislature, the highest court of the state that has statewide jurisdiction, the offices of all elected state officers, and all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state. "State" does not include political subdivisions of the state.

(3) "Political subdivisions" means municipal corporations, townships, counties, school districts, and all other bodies corporate and politic that are organized under state law and are responsible for governmental activities only in geographical areas smaller than that of a state.

### *The county recorder*

Under continuing law, the county recorder must record in the proper record, in legible handwriting, typewriting, or printing, or by any authorized photographic process, all deeds, mortgages, plats, or other instruments of writing required or authorized to be

recorded that are presented to the recorder for that purpose. The instruments must be recorded in regular succession according to the priority of presentation. On the record of each instrument, the county recorder must record the date and precise time each instrument was presented for record. (Sec. 317.13.)

A county recorder is liable to a suit on the recorder's bond to a party injured by any of the following improper conduct (sec. 317.33):

(1) The recorder refuses to receive a deed or other instrument of writing presented for recording when the legal fee for recording the document has been paid or tendered.

(2) The recorder refuses to give a receipt for the filing of such a document when the filing fee has been paid or tendered and a receipt is required.

(3) The recorder fails to number consecutively all deeds or other instruments of writing after receiving them.

(4) The recorder fails to index a deed or other instrument of writing by the morning of the day after the deed or other instrument of writing is filed for record.

(5) The recorder neglects, without good excuse, to record a deed or other instrument of writing within 20 days after the deed or other instrument of writing is received for record.

(6) The recorder demands and receives a greater fee for services than the fee allowed by law.

(7) The recorder knowingly endorses on a deed or other instrument of writing a different date from the date on which it was presented for record or a different date from the date on which it was recorded.

(8) The recorder refuses to make out and certify a copy of any record in his office on demand after the legal fee for a copy of the record has been paid or tendered.

(9) The recorder purposely destroys, defaces, or injures any book, record, or seal belonging to the recorder's office, purposely destroys, defaces, or injures any deed or other instrument of writing deposited in the recorder's office for recording, or negligently allows any deed or other instrument of writing deposited in the recorder's office for recording to be destroyed, defaced, or injured.

(10) The recorder does or omits to do any other act contrary to the County Recorder's Law.

The act permits a county recorder to refuse to record an instrument of writing presented for recording if the Revised Code does not require or authorize the recording of the instrument or the recorder has reasonable cause to believe the instrument is materially false or fraudulent. This authority does not create a duty upon a recorder to inspect, evaluate, or investigate an instrument presented for recording. If a person attempts to record an instrument and the county recorder refuses pursuant to the above authority created by the act to record the instrument, the person may bring an action in or apply for an order from the court of common pleas in the county that the county recorder serves to require the county recorder to record the instrument. If that court determines that the instrument the county recorder refused to record is required or authorized by the Revised Code to be recorded and is not materially false or fraudulent, the court must order the county recorder to record the instrument. (Sec. 317.13(B) and (C).)

The act provides that, if a county recorder, acting pursuant to the authority created by the act to refuse to record instruments, improperly refuses to record an instrument in a manner that is not with malicious purpose, in bad faith, or in a wanton or reckless manner, the recorder is not personally liable on account of the improper refusal, and the surety that issued the recorder's bond does not have a right of subrogation against the recorder on account of the claim made on the recorder's bond as a result of the improper refusal (sec. 317.33(B)).

### *Clerk of a court of record*

The act provides that a clerk of a court of record may refuse to accept a document for filing or to docket and index a document if the document is not required or authorized to be filed or to be docketed and indexed with the clerk or the clerk has reasonable cause to believe the document is materially false or fraudulent. The act specifies that this right of refusal does not create a duty upon the clerk to inspect, evaluate, or investigate a document that is presented for filing or for docketing and indexing. (Sec. 2701.20(A).)

If a clerk of a court of record refuses to accept a document pursuant to the authority created by the act, the person who presented the document to the clerk may commence an action in or apply for an order from the court the clerk serves requiring the clerk to accept the document for filing or to docket and index the document. If the court determines that the document is appropriate for filing or for docketing and indexing, it must order the clerk to accept the document for that purpose. (Sec. 2701.20(B).)

The act provide that, if the clerk of a court of record acts under the act's authority to refuse to accept documents and improperly refuses to accept a document for filing or to docket and index a document in a manner that is not with malicious purpose, in bad faith, or in a wanton or reckless manner, the clerk is not personally liable on account of the improper refusal, and the surety that issued the clerk's bond does not have a right of

subrogation against the clerk on account of a claim made on the clerk's bond as a result of the improper refusal (sec. 2701.20(C)).

### *Secretary of State*

The act provides that the Secretary of State may refuse to accept a document for filing or recording if the document is not required or authorized to be filed or recorded with the Secretary of State or the Secretary of State has reasonable cause to believe the document is materially false or fraudulent. The act specifies that this right of refusal does not create a duty upon the Secretary of State to inspect, evaluate, or investigate a document that is presented for filing or recording. (Sec. 111.24(A).)

If the Secretary of State refuses to accept a document pursuant to the authority created by the act, the person who presented the document to the Secretary of State may commence an action in or apply for an order from the Court of Claims requiring the Secretary of State to accept the document for filing or for recording. If the court determines that the document is appropriate for filing or recording, it must order the Secretary of State to accept the document for that purpose. (Sec. 111.24(B).)

The act provides that, if the Secretary of State acts under the act's authority to refuse to accept documents and improperly refuses to accept a document for filing or recording, the Secretary of State is not personally liable on account of the improper refusal, and the sureties that issued the Secretary of State's bond do not have a right of subrogation against the Secretary of State on account of a claim made on the Secretary of State's bond as a result of the improper refusal to accept the document (sec. 111.24(C)).

### *Recording living wills and durable powers of attorney for health care*

The act authorizes a county recorder to keep a record of declarations (living wills) and durable powers of attorney for health care. The county recorder is authorized to charge and collect a fee for recording a living will or durable power of attorney for health care, or both, of at least $14 and not more than $20. The act also authorizes a county recorder, upon request, to distribute free of charge a copy of the printed form of the living will and a copy of the printed form of the durable power of attorney for health care. (Secs. 317.08(F), 317.32(K), and 317.41.)

Secs. 111.24, 317.08, 317.13, 317.32, 317.33, 317.41, 2701.20, 2921.03, 2921.13, and 2921.52.

\* \* \*