IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SHAWN NORTHRUP, | ) | Case No.: 3:12-CV-01544-JHH |
| | ) | |
| Plaintiff, | ) | Judge: Jeffrey J. Helmick |
| | ) | |
| v. | ) | **REPLY BRIEF IN SUPPORT OF** |
| | ) | **MOTION FOR LEAVE TO FILE** |
| CITY OF TOLEDO, et al, | ) | **AN AMENDED COMPLAINT** |
| | ) | |
| | ) | |
| Defendants. | ) | LYDY & MOAN, LTD. |
| | ) | |
| | ) | Daniel T. Ellis (0038555) |
| | ) | 4930 N. Holland-Sylvania Road |
| | ) | Sylvania, OH  43560-2149 |
| | ) | Telephone:  (419) 882-7100 |
| | ) | Facsimile:    (419) 882-7201 |
| | ) | E-mail: dellis@lydymoan.com |
| | ) | |
| | ) | |
| | ) | Counsel for Plaintiff |

Plaintiff, Shawn Northrup ("Northrup" or "Plaintiff"), moved for leave to amend his complaint to include the specific Ohio statutory references to clarify the allegations of the Complaint and to clarify the cause of actions for sham legal process and vindictive enforcement on July 1, 2015.  The defendant has opposed plaintiffs request to amend the Complaint on the basis it is not timely brought, will be prejudicial to the Defendant and the claim he seeks to

allege has no likelihood of success. Each of these reasons lacks merit and Plaintiff's motion should be granted.

As Plaintiff stated in his motion the standard for evaluating a motion for leave to amend is set forth in Fed.R.Civ.P. 15(a), which provides that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Accordingly, a Court should deny a motion for leave only when "the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile...." *See Crawford v. Roane,* 53 F.3d 750, 753 (6th Cir.1995). Presently, this matter is set for mediation and settlement conference before Magistrate Judge James R. Knepp to take place before September 30, 2015. No trial date is presently set.

The Defendant asserts that permitting the Plaintiff to amend the complaint will require the "City to make additional trial preparation efforts and file further dispositive motions to refute the claim of Using Sham Legal Process" and additional witnesses will need to be called. (Doc. #57, PageID #657)) The facts that give rise to the claim of sham legal process were asserted in the original complaint, but because the Plaintiff did not explicitly identify the statutory references, the Court concluded it would not address them. (Doc. #45, PageID #588)

In the original complaint, Plaintiff asserted that Officer Bright arrested Mr. Northrup without probable cause or legal justification and falsely imprisoned him by handcuffing him and placing him in the back seat of his patrol care. (Verified Complaint, ¶134) He went on to assert that Officer Bright initiated a malicious criminal action against Mr. Nortrup without legal basis and was false when charged (Verified Complaint, ¶ 135). Officer Bright acted maliciously in charging Mr. Nortrup without probably cause and in an effort to cover up his unconstitutional conduct and unlawful arrest (Verified Complaint, ¶ 136).

The elements of sham legal process under R.C. 2921.52 very similar:

> (4) "Sham legal process" means an instrument that meets all of the following conditions:
> (a) It is not lawfully issued;
> (b) It purports to do any of the following:
>
> (i) To be a summons, subpoena, judgment, or order of a court, a law enforcement officer, or a legislative, executive, or administrative body.
> (ii) To assert jurisdiction over or determine the legal or equitable status, rights, duties, powers or privileges of any person or property.
> (iii) To require or authorize the search, seizure, indictment, arrest, trial or sentencing of any person or property.
>
> (c) It is designed to make another person believe that it is lawfully issued.
>
> R.C. § 2921.52(A)(4).

R.C. § 2921.52 also provides that:

> [n]o person shall .... (1) knowingly issue, display, deliver, distribute, or otherwise use sham legal process; (2) knowingly use sham legal process to arrest, detain, search, or seize any person or the property of another person; (3) knowingly commit or facilitate the commission of an offense, using sham legal process; [or] (4) knowingly commit a felony by using sham legal process.
>
> R.C. § 2921.52(B).

Violations of this statute may be considered either a misdemeanor or felony, depending on the circumstances.

> R.C. § 2921.52(D).

The statute provides for civil liability, as follows:

> (E) A person who violates this section is liable in a civil action to any person harmed by the violation for injury, death, or loss to person or property incurred as a result of the commission of the offense and for reasonable attorney's fees, court costs, and other expenses incurred as a result of prosecuting the civil action commenced under this division. A civil action under this division is not the exclusive remedy of a person who incurs injury, death, or loss to person or property as a result of a violation of this section.
>
> R.C. § 2921.52(D)

Additionally, Mr. Northup amended the Verified Complaint to clarify his assertion that Officer Bright vindictively prosecuted him for openly carrying a firearm, arrested him for engaging in conduct that is constitutionally protected from being unreasonable restricted and refused to answer his questions by remaining silent.   For Mr. Northrup succeed on a claim against Officer Bright for vindictive enforcement, he must establish: (1) the exercise of a protected right, (2) the officer's stake in deterrence of the exercise of that right, (3) the unreasonableness of the officer's conduct, and (4) that the enforcement was intended to punish the plaintiff for the exercise of the protected right. *Shevlin v. Cheatham,* 211 F.Supp2d 963, 971 (2002).  Again, the Verified Complaint had asserted very similar allegations in which Plaintiff believed that provided sufficient notice to the Defendants of his claims.  There are no new or additional facts to be discovered.  Both of these cause of actions were pleaded sufficiently to give notice to the Defendants that Northup was unlawfully detained and arrested, then falsely charged with a crime to cover-up it up.

Contrary to the Defendants' assertion, permitting the Plaintiff to amend the Complaint will not result in delay or prejudice to the defendants.  The facts supporting the claims for "sham legal process" and "vindictive enforcement" are the identical facts supporting the other claims of the Complaint.  They will not require any additional discovery, will not require defendants to expend significant additional resources or delay their preparation for trial.  These claims articulate the statutory violations engaged in by Officer Bright and also support alternative recovery of attorney fees under Ohio statutes.

Defendants assert that R.C. 2921.52, Sham Legal Process was "not designed to punish police officers who file criminal charges but fail to obtain a conviction" (Doc. # 57, PageID #658).  Defendant is misleading the Court by ignoring that the original allegations assert that Officer Bright intentionally charged Mr. Northrup with a crime without any legal basis to cover-up his wrongful arrest and assault with malice supporting his claim for False Arrest and

4

Malicious Prosecution (Verified Complaint, ¶¶ 133-139). In other words, he charged Mr. Northrup with a sham legal process and did it vindictively because he discovered he did not have a basis to charge him.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue an order granting him leave to amend is Complaint, and for all other proper relief.

>Respectfully submitted,
>
>/s/ Daniel T. Ellis_____
>Daniel T. Ellis (0038555)
>
>Lydy & Moan, Ltd.
>The Pacesetter Building
>4930 Holland-Sylvania Road
>Sylvania, OH 43560-2149
>Telephone: (419) 882-7100
>E-mail: dellis@lydymoan.com
>
>Attorney for Plaintiff
>Shawn Northrup

**Certificate of Service**

The undersigned hereby certifies that a copy of the foregoing REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT was served by the Court sent by regular United States mail and electronically, this 25th day of July, 2015.

>/s/ Daniel T. Ellis_____
>Daniel T. Ellis (0038555)