UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Shawn Northrup,                                      Case No. 3:12-cv-01544

         Plaintiff

v.                                                MEMORANDUM
                                                    OPINION & ORDER

City of Toledo Police Division, et al.,

         Defendants

## I.      INTRODUCTION

Plaintiff Shawn Northrup seeks leave to amend his complaint "to clarify the allegations of the Complaint and to clarify the cause[s] of action[] for sham legal process and vindictive enforcement." (Doc. No. 55 at 1). Defendants the City of Toledo and Officer David Bright oppose, arguing the proposed amendments would cause undue prejudice and unnecessary delays, as well as that Northrup may not bring a claim for sham legal process without a prior criminal conviction. (Doc. No. 57). Northrup filed a reply. (Doc. No. 58). For the reasons stated below, Northrup's motion is denied.

## II.      BACKGROUND

On June 15, 2012, Northrup filed suit against the City of Toledo, Officer Bright, Officer Donald Comes, and Sergeant Daniel Ray, alleging claims arising from an incident that occurred while Northrup was openly and legally carrying a firearm. (Doc. No. 1). I held a case management conference with counsel for the parties on September 4, 2012, and issued a scheduling order pursuant to Rule 16(b) on September 7, 2012. (*See* Doc. No. 10).

The Defendants subsequently moved for summary judgment. (Doc. No. 24). I granted the motion for summary judgment as to Northrup's claims for: (1) First Amendment – right to symbolic speech; (2) right to bear arms – Second Amendment and Article I, section 4 of the Ohio Constitution; (3) Fourth Amendment *Monell* claims; (4) state law claims against the Police Division of the City of Toledo; (5) for punitive damages and (6) all remaining claims against Officer Comes. (Doc. No. 45 at 15-16). I denied the Defendants' motion on Northrup's claims against Officer Bright and Sergeant Ray (1) for violation of his Fourth Amendment rights, (2) for assault, battery, wrongful arrest, and malicious prosecution under Ohio law, and (3) for punitive damages. (Doc. No. 45 at 16). The Defendants appealed, arguing Officer Bright and Sergeant Ray are entitled to qualified immunity. The Sixth Circuit affirmed my denial of qualified immunity as to Officer Bright and reversed that denial as to Sergeant Ray. *Northrup v. City of Toledo, et al.*, 785 F.3d 1128 (6th Cir. 2015). Northrup now seeks leave to amend his complaint.

### III.  STANDARD

Rule 15 permits a party to seek the court's leave to amend its pleading after the time period for amendments as a matter of course has passed. Fed. R. Civ. P. 15(a)(2). The rule instructs courts to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987) (Rule 15(a) represents a "liberal policy of permitting amendments to ensure the determination of claims on their merits."). An amendment should not be permitted if it is brought for an improper reason, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989). "Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973).

Under Rule 16(b), a district court must issue a scheduling order limiting, *inter alia*, the time to amend the pleadings. Fed. R. Civ. Pro. 16(b)(3). The scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. Pro. 16(b)(4). In determining whether good cause exists to modify a scheduling order, a court should consider "the diligence of the party seeking the extension" and "whether the opposing party will suffer prejudice by virtue of the amendment." *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)). When a scheduling order deadline has passed, "a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary*, 349 F.3d at 909. The movant's "diligence in attempting to meet the case management order's requirements" is the "primary measure of Rule 16's 'good cause' standard . . . ." *Inge*, 281 F.3d at 625.

### IV. ANALYSIS

As I noted above, Northrup seeks leave to amend his complaint "to include the specific Ohio statutory references to clarify the allegations of the Complaint and to clarify the cause[s] of action[] for sham legal process and vindictive enforcement." (Doc. No. 55 at 1). But this assertion dramatically understates the scope of the changes Northrup proposes. Northrup's complaint contains ten causes of action. His proposed complaint would amend six of the ten: (1) his Fourth Amendment claim; (2) his First Amendment claim; (3) his Second Amendment claim; (4) his claim the Defendants violated his right to bear arms under the Ohio constitution; (5) his punitive damages claim; and (6) his false arrest and malicious prosecution claim. (Doc. No. 55-1 at 9-22).

The Defendants contend Northrup's allegations that Officer Bright violated the statutory prohibition against using sham legal process cannot succeed "because no party in this case has been convicted of violating [O.]R.C. § 2921.52." (Doc. No. 57 at 3). This purported condition precedent is not supported by the text of the statute, which states "[a] person who violates this section is liable in a civil action . . ."; there is no requirement that a person be found guilty in a criminal proceeding

3

before civil liability attaches. Ohio Rev. Code § 2921.52(E); *see also Gibson v. Rose*, 2012 WL 2995484, at *8-9 (N.D. Ohio July 23, 2012). Moreover, the statute is unambiguous, so the Defendants' attempts to limit the scope of the plain language of the statute through citations to the legislative history are inappropriate. *See* Ohio Rev. Code § 1.49 ("If a statute is ambiguous, the court, in determining the intention of the legislature, may consider . . . [t]he legislative history . . . .").

Relatedly, the Defendants' contention that Northrup's motion for leave should be denied because "there was never a judicial finding in the municipal court that the charge filed by Officer Bright was meritless" also is unpersuasive. (Doc. No. 57 at 5). During the course of civil proceedings, courts routinely determine whether or not probable cause exists to support an arrest, without relying on another court to have done the work previously. A court that hears a private cause of action under § 2921.52(E) plainly has the authority to determine whether an instrument was "lawfully issued." Ohio Rev. Code § 2921.52(E).

This does not mean, however, that Northrup is entitled to amend his complaint. First, Northrup's contention he merely is clarifying the allegations of his original complaint is dubious. Northrup misrepresents my earlier ruling in which I refused to entertain his newly-advanced claims of using sham legal process and vindictive enforcement. I did not, as Northrup contends, refuse to address these claims "because the Plaintiff did not explicitly identify the statutory references." (Doc. No. 58 at 2). Instead, I ruled "Northrup did not include either of these claims in his complaint . . . ." (Doc. No. 45 at 4) (emphasis added). My ruling was not based on Northrup's failure to identify a legal theory, but on his failure to make "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2).

Second, Northrup fails to show he acted diligently in seeking leave to amend his complaint and therefore cannot show good cause for modifying the scheduling order. The deadline for amending pleadings without leave of court passed on January 30, 2013. (Doc. No. 10 at 1). Northrup did not amend his complaint prior to that deadline. Northrup knew no later than April

4

14, 2014, that the Defendants believed his complaint did not state a claim for sham legal process. (Doc. No. 44 at 11); *see also Leary*, 349 F.3d at 908 (holding plaintiffs did not show diligence in seeking to amend when they "failed to pursue the claim until after it was brought to their attention by [defendant's] final summary judgment motion."). He did not seek leave to amend at that point, or after my summary judgment ruling, despite the fact that, at that time, he sought permission to amend his complaint by interlineation to name the City of Toledo as a defendant in place of the City of Toledo Police Division. (Doc. No. 47).

Moreover, Northrup's proposed amendments would cause prejudice to the Defendants. Northrup seeks leave to amend his second, third, and fourth causes of action, even though I granted summary judgment to all Defendants on those claims. (*See* Doc. No. 55-1 at 12-16; Doc. No. 45 at 15-16). He also seeks leave to amend claims against Sergeant Ray, whom the Sixth Circuit concluded was entitled to qualified immunity for his role in the events leading up to the failure-to-disclose citation. *Northrup v. City of Toledo Police Dep't*, 785 F.3d 1128, 1134 (6th Cir. 2015). Finally, both sham-legal-process and vindictive-enforcement claims involve intent or knowledge elements, and the Defendants would be entitled to conduct any further necessary discovery concerning Officer Bright's intent or knowledge at the time he issued the citation to Northrup. *See* Ohio Rev. Code § 2921.52(A)-(B); *Futernick v. Sumpter Twp.*, 78 F.3d 1051, 1057 (6th Cir. 1996) (plaintiff asserting vindictive enforcement claim must prove "intent to punish for the act of speech"). Northrup does not offer any arguments that could show good cause exists under Rule 16 to modify the expired scheduling deadline.

In addition to claims concerning a sham legal process and vindictive enforcement, Northrup also alleges violations of Ohio Revised Code § 2921.45, interference with his civil rights, and § 2921.44, dereliction of duty. (*See, e.g.,* Doc. No. 55-1 at 11). These allegations do not state plausible claims for relief because the statutes Northrup cites are criminal statutes that do not provide for a

private cause of action. *See Biomedical Innovations, Inc. v. McLaughlin*, 658 N.E.2d 1084, 1086 (Ohio Ct. App. 1995).

## V.     CONCLUSION

For the reasons stated above, Northrup's motion to amend his complaint, (Doc. No. 55), is denied.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
